UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DIONDRAE PARKER,<br><br>    Plaintiff,<br><br> v.<br><br>BRANDON STUBBS, *et al.*,<br><br>    Defendants. | Case No. 3:24-CV-00129-MMD-CLB<br><br>**ORDER RE: SERVICE OF PROCESS** |

  Plaintiff Diondrae Parker was previously notified that he had failed to provide proof that Defendant Brandon Stubbs was properly served, and that if he did not submit proof of service by August 20, 2025, his case was subject to dismissal without prejudice as to Stubbs. (ECF No. 24.) On August 11, 2025, Parker filed a notice of service for Stubbs that detailed various reasons why Parker had been unable to serve Stubbs. (ECF No. 25.) At the end of the notice, however, Parker asks the Court "to allow the proof of service motion for Brandon Stubbs to be recognized and Granted." (ECF No. 25 at 5.) Thus, although styled as a notice, the Court believes Parker intended the filing to serve as a motion requesting issuance and service of summons. The Court therefore converts Parker's notice to a motion for issuance and service of summons.

  The Office of the Attorney General did not accept service of process on behalf of **Brandon Stubbs**, who is no longer an employee of the Nevada Department of Corrections. (ECF No. 15.) However, the Attorney General filed Stubbs' last known address under seal. (ECF No. 16.)

  Accordingly, Plaintiff's motion, (ECF No. 25), is **GRANTED**. The Clerk shall **ISSUE** a summons for the above-named Defendant and send the same to the U.S. Marshal with the address provided under seal. (ECF No. 16.) The Clerk shall also **SEND** sufficient copies of the complaint, (ECF No. 6), the screening order, (ECF No. 5), and this order to the U.S. Marshal for service on the Defendant. The Court will separately provide to the

1   U.S. Marshal a completed USM 285 form for the Defendant.

2   **IT IS SO ORDERED**.

4   **DATED**: September 19, 2025

            _____
            **UNITED STATES MAGISTRATE JUDGE**