# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DIONDRAE PARKER,<br><br>    Plaintiff,<br><br>v.<br><br>BRANDON STUBBS, *et al.*,<br><br>    Defendants. | Case No. 3:24-CV-00129-MMD-CLB<br><br>**ORDER DENYING IN PART AND GRANTING IN PART MOTION FOR ISSUANCE OF SUBPOENAS**<br><br>[ECF Nos. 27, 28, 29] |

Before the Court are three motions filed by Plaintiff Diondrae Parker ("Parker") requesting leave of court to take oral depositions. (ECF Nos. 27, 28, 29.) Parker's first motion asks the Court to order Defendants Francisco Barrios, Adam Main, William Miller, and Brandon Stubbs appear at Northern Nevada Correctional Center ("NNCC") to be deposed in a private room outfitted with a recording device. (ECF No. 27.) Parker also asks the Court to order the same for former correctional officer "Hary" — whom Parker identifies as a material witness. (*Id.*) With regard to Hary and Stubbs, Parker further asks that the Court issue subpoenas to secure their appearance since they are no longer prison employees. (*Id.*) Parker's second motion repeats his request that the Court issue a subpoena for Hary, (ECF No. 28), and his third motion repeats his request that the Court issue a subpoena for Stubbs, (ECF No. 29). For the reasons discussed below, Parker's motion for leave of court is denied, and his motions for the issuance of subpoenas are granted in part and denied in part.

To start, it appears Parker's motions misunderstand the procedure for taking oral depositions. Under Federal Rule of Civil Procedure 30, a party only needs leave of court to take oral depositions in certain circumstances. One such circumstance, and where the misunderstanding may stem from, is "if the *deponent* is confined in prison." Fed. R. Civ. P. 30(a)(2)(B) (emphasis added). In other words, when the person being deposed is confined in prison — *i.e.*, if Parker were the one being deposed — the party seeking to

depose that person must obtain leave of court. Here, although Parker is confined in prison, the witnesses he wants to depose are not, and so he need not obtain leave of court to pursue the depositions.

To the extent that Parker's motions request the Court order NNCC to provide a private room outfitted with recording equipment and issue subpoenas, these requests are improper. It appears Parker believes that because he is proceeding *in forma pauperis*, (ECF No. 14), it is the Court's responsibility to issue, serve, and pay the witness fees for the subpoenas, as well as any other costs associated with the depositions. However, *in forma pauperis* status does not extend to the issuance of subpoenas, the service of subpoenas, or making arrangements for the taking of a deposition at government expense. The Court will order the Clerk to issue blank subpoenas to Parker, but Parker is responsible for making all arrangements for service of these subpoenas, the expense of service, the witness fee, and any other costs. *See* Fed. R. Civ. P. 45(b)(1); *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (per curiam) (explaining that 28 U.S.C. § 1915 does not entitle a plaintiff proceeding *in forma pauperis* to a waiver of witness fees for subpoenas). Furthermore, Parker is responsible for coordinating with NNCC for the taking of the depositions.

**IT IS THEREFORE ORDERED** that Parker's motion for leave of court to take oral depositions, (ECF No. 27), is **DENIED**.

**IT IS FURTHER ORDERED** that Parker's motions for the issuance of subpoenas, (ECF Nos. 28, 29), are **DENIED IN PART** and **GRANTED IN PART** as stated above. The Clerk shall **ISSUE** five blank subpoenas and forward the same to Parker.

**DATED**: September 25, 2025.

                                                **UNITED STATES MAGISTRATE JUDGE**